UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

DINA BRYUHANOVA,                                            No. 13-cv-2170 (DWF/LIB)

    Plaintiff,

v.                                                                              **REPORT AND RECOMMENDATION**

INTERNAL REVENUE SERVICE,

    Defendant.

---

This matter came before the undersigned United States Magistrate Judge upon Defendant's Motion to Dismiss. [Docket No. 10]. The motion has been referred to the undersigned Magistrate Judge for a report and recommendation, (see Order of Reference [Docket No. 7] (referring all dispositive and non-dispositive motions), pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. The Court held a hearing on the Motion on February 10, 2014. (Minute Entry [Docket No. 22]). For reasons outlined below, the Court recommends that Defendant's Motion to Dismiss, [Docket No. 10], be **GRANTED**.

**I.     BACKGROUND**

Dina Bryuhanova ("Plaintiff") [1] initiated this action on or about August 12, 2013, by filing her complaint, [Docket No. 1], and her Application to Proceed *In Forma Pauperis* ("IFP"), [Docket No. 2]. In her Complaint, Plaintiff named as Defendant the Internal Revenue Service [2]

---

[1] Plaintiff filed her Complaint *pro se*. (See Compl. [Docket No. 1]). However, her Response to the present Motion was prepared by a licensed attorney, Peggy A. Sherman ("Ms. Sherman"); the only reason it was not signed by Ms. Sherman is that she was not yet admitted to practice in the Federal courts of this District. (See Aff. Sherman [Docket No. 17]). Ms. Sherman has since made her appearance in this case, (Notice of Att'y Appearance [Docket No. 21]), and she argued on Plaintiff's behalf at the February 10, 2014, motion hearing, (Minute Entry [Docket No. 22]). Consequently, there is no reason at this time for this Court to afford Plaintiff any deference as a *pro se* party.

[2] Although Plaintiff's *pro se* complaint named the Internal Revenue Service as Defendant, "the proper defendant in civil actions for federal tax refunds is the United States." Abston v. Comm'r of IRS, 691 F.3d 992, 993 n.1 (8th Cir.

1

(the "Government" or "Defendant"), and claimed that she was improperly denied federal income tax refunds of $1,282 for Tax Year 2005 ("TY2005"), and $3,634 for Tax Year 2006 ("TY2006"). (Compl. [Docket No. 1], at 3-4). On August 13, 2013, this Court granted Plaintiff's IFP Application. (Order [Docket No. 3]).

On November 21, 2013, Defendant made its Motion to Dismiss, [Docket No. 10], which is presently before the Court.

## II.    MOTION TO DISMISS [Docket No. 10]

Defendant moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1); and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

### A. Facts

Plaintiff has been treated by a medical/psychiatric professional for unspecified mental and emotional issues since 2006. (Compl. [Docket No. 1], at 3). Plaintiff did not timely file tax returns for TY2005 and TY2006, but rather, she filed those tax returns on March 28, 2011, seeking a refund of $1,282 for TY2005, and a refund of $3,634 for TY2006. (Id.). However, each of those refunds was denied by the Internal Revenue Service ("IRS") by letters dated August 10, 2011,[3] on the grounds that Plaintiff sought her refunds more than three years after she paid her taxes. (Id.).

### B. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to seek to dismiss a claim

---

2012) (citing 28 U.S.C. § 1346(a)(1)); Bowman v. Internal Revenue Service, 2010 U.S. Dist. LEXIS 76545, at n.1 (E.D. Cal. July 29, 2010) ("The proper defendant in this case is the United States of America.").

[3] Neither party has supplied copies of these letters for the record; however, their existence and delivery is not disputed, and it does not appear that they are necessary to resolve the present motion.

for lack of federal subject matter jurisdiction.  By making such a motion, the defendant "requires the Court to examine whether it has authority to decide the claims."  Damon v. Groteboer, 937 F. Supp. 2d 1048, 1063 (D. Minn. 2013) (Tunheim, J.).

A motion to dismiss under Rule 12(b)(1) can challenge a plaintiff's complaint either on its face or on the factual truthfulness of its assertions.  Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990) ("A court deciding a motion under Rule 12(b)(1) must distinguish between a facial attack and a factual attack" (internal quotation and citation omitted)).  When the defendant makes a facial attack:

> [T]he court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).[4]  The general rule is that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Id. (internal quotations and citations omitted; footnote added).

Federal law provides that the U.S. District Courts and the Court of Federal Claims have original, concurrent jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . ."  28 U.S.C. § 1346(a)(1).

## C. Discussion

### 1. The Federal Government generally is immune from suit.

The United States and its agencies are generally immune from suit under the doctrine of sovereign immunity.  F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign

---

[4] When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court considers "the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint." PureChoice, Inc. v. Macke, No. 07-cv-1290 (DWF/SRN), 2007 U.S. Dist. LEXIS 50284, at *13 (D. Minn. July 10, 2007) (Frank, J.) (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)).  "[F]or the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

immunity shields the Federal Government and its agencies from suit."); United States v. Mitchell, 463 U.S. 206, 212 (1980) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction" (citing United States v. Sherwood, 312 U.S. 584, 586 (1941))); Manypenny v. United States, 948 F.2d 1057, 1063 (8th Cir. 1991) ("It is undisputed that the United States, as a sovereign, cannot be sued without its consent.").

**2. The Federal Government has waived its sovereign immunity for purposes of certain tax suits; however, that waiver is a limited waiver.**

"However, the United States has consented to suits by taxpayers in the district courts for the refund of any sum of federal tax alleged to have been excessive or wrongfully collected under the internal revenue laws." Williams v. United States, 2013 U.S. Dist. LEXIS 113837, at *6 (S.D. Texas Aug. 13, 2013) (citing Weisbart v. U.S. Dep't of Treasury, 222 F.3d 93, 94 (2d Cir. 2000)). The U.S. District Courts have original jurisdiction[5] to hear such cases. 28 U.S.C. § 1346(a)(1).

However, the U.S. Supreme Court has held that the waiver contained in 28 U.S.C. § 1346(a)(1) must be read in conjunction with various other statutes, which limit the effect of that waiver:

> Despite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions. The first is § 7422(a), which, tracking the language of § 1346(a)(1), limits a taxpayer's right to bring a refund suit by providing that
> "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that

---

[5] The United States Court of Federal Claims also has concurrent original jurisdiction over such claims.

> regard, and the regulations of the Secretary established in pursuance thereof."
>
> Second, § 6511(a) provides that if a taxpayer is required to file a return with respect to a tax, such as the gift tax, the taxpayer must file any claim for refund within three years from the time the return was filed or two years from the time the tax was paid, whichever period expires later. Read together, the import of these sections is clear: ***unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund***, regardless of whether the tax is alleged to have been "erroneously," "illegally," or "wrongfully collected," §§ 1346(a)(1), 7422(a), ***may not be maintained in any court***. See United States v. Kales, 314 U.S. 186, 193 (1941).

United States v. Dalm, 494 U.S. 596, 601-02 (1990) (emphasis added).[6] In other words, "the provisions governing refund suits in United States District Court . . . make timely filing of a refund claim a jurisdictional prerequisite to bringing a suit in a federal district court." Comm'r v. Lundy, 516 U.S. 235, 240 (1996) (citing 26 U.S.C. § 7422(a); Martin v. United States, 833 F.2d 655, 658-59 (7th Cir. 1987)).

Of particular interest for the present case are the provisions of 26 U.S.C. §§ 6511 and 7422. There are three relevant provisions of 26 U.S.C. § 6511:

- § 6511(a) provides that a refund must be requested "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires later";

- § 6511(b)(2)(A) provides that if a taxpayer seeks a refund within 3 years from the time the return was filed, she may only recover that portion of the tax that was paid in that 3-year period; and

- § 6511(h)(1) provides that these deadlines "shall be suspended" in the case of an individual who is "financially disabled"; and § 6511(h)(2)(A) notes that, in order to qualify as "financially disabled," an individual must provide "proof

---

[6] Although the opinion in Dalm was handed down in 1990, the sections of the U.S. Code quoted and cited in this passage have not changed.

. . . in such form and manner as the Secretary may require."

Additionally, 26 U.S.C. § 7422(a), as set forth above, requires that any request for a refund be "duly filed with the Secretary, according to the provisions of the law in that regard, and the regulations of the Secretary established in pursuance thereof."

### 3. Even accepting the allegations in Plaintiff's Complaint as true, her Complaint does not allege that she is entitled to a refund under 26 U.S.C. § 6511(b)(2)(A).

First, Plaintiff's refund request was timely under 26 U.S.C. § 6551(a). Plaintiff's taxes for TY2005 and TY2006 were deemed paid on April 15, 2006, and April 15, 2007, respectively. 26 U.S.C. § 6513(b)(1) (income taxes withheld are deemed paid "on the 15th day of the fourth month following the close of [the] taxable year"); see also Castaners v. United States, 2012 U.S. Dist. LEXIS 68767, at *8 (N.D. Ill. May 16, 2012) ("Tax amounts withheld from wages are deemed paid on the 15th of April that follows the close of the taxable year" (citing 26 U.S.C. § 6513(b)(1)).). Accordingly, her refund claims were due on the later of (1) 2 years after the tax was paid, or April 15, 2008, and April 15, 2009, respectively; or (2) 3 years after her return was filed. 26 U.S.C. § 6511(a). Plaintiff filed her tax returns for TY2005 and TY2006 on March 28, 2011. (Compl. [Docket No. 1], at 3). Her refund claims were made simultaneously with the filing of her tax returns. See McKinzy v. Internal Revenue Service, 335 Fed. Appx. 660, 661 (8th Cir. unpub. 2009) (a tax return showing refund due constitutes a claim for a refund (citing 26 C.F.R. § 301.6402-3(a)(5))). Because Plaintiff's refund claim was made simultaneously with her filing her tax returns, that refund claim was timely under § 6511(a). Martinez v. United States, 2013 U.S. Claims LEXIS 977, at *11 (Fed. Cl. July 25, 2013).

However, "[w]hile a claim for a refund may be timely under 26 U.S.C. § 6511(a), the amount of the allowed refund is limited by 25 U.S.C. § 6511(b)(2)(A)." Nunn v. United States, 2009 U.S. Dist. LEXIS 8046, at *7 (W.D. Ky. Feb. 4, 2009). Section 6511(b)(2)(A) provides

6

that a taxpayer may only seek a refund of that portion of her income tax that was paid in the 3 years preceding the filing of the refund claim. In other words, because Plaintiff filed her returns and refund claims for TY2005 and 2006 on March 28, 2011, § 6511(b)(2)(A) only allows her to receive a refund for that portion of her TY2005 and TY2006 taxes that she paid between March 28, 2008, and March 28, 2011. As previously noted, the Tax Code provides that any withholding for TY2005 was deemed paid on April 15, 2006, and any withholding for TY2006 was deemed paid on TY2007. 26 U.S.C. § 6513(b)(1). Plaintiff does not allege in her Complaint that she paid any of her TY2005 or TY2006 taxes after March 28, 2008. Therefore, under the provisions of §6511(b)(2)(A), Plaintiff cannot receive refunds for TY2005 and TY2006 based on the refunds she filed on March 28, 2011. See McKinzy, 335 Fed. Appx. at 661-62. As set forth in Part I.C.2.b, supra, this bar on recover is a *jurisdictional* bar. Lundy, 516 U.S. at 240 ("timely filing of a refund claim [is] a jurisdictional prerequisite to bringing a suit in a federal district court"); Dalm, 494 U.S. at 608; see also Martinez, 2013 U.S. Claims LEXIS 977, at *11-12 (3-year look-back provision in § 6511(b)(2)(A) "is jurisdictional"); Nunn, 2009 U.S. Dist. LEXIS 8046, at *8 (where "no portion of the disputed taxes was paid" in the three-year look-back period, the plaintiff "is not entitled to relief under 26 U.S.C. § 6511"); cf. Castaners, 2012 U.S. Dist. LEXIS 68767, at *7 ("A claim for refund or credit is 'duly filed' only if it complies with the timing requirements set forth in 26 U.S.C. § 6511.").

**4. Plaintiff is not entitled to an exemption pursuant to § 6511(h), because she did not follow the requirements for seeking such an exemption.**

Plaintiff does not argue that her application for a refund was timely under § 6511(b)(2)(A); rather, she argues that she qualifies for the exemption for persons who are "financially disabled" as provided in § 6511(h). (Pl.'s Resp. [Docket No. 16], at 2-3).

As previously noted, § 6511(h)(1) provides an exemption from § 6511(b)(2)(A)'s

7

deadlines, so long as "proof of the existence [of the financial disability] is furnished in such form an manner as the Secretary may require. § 6511(h)(2)(A). "In 1999, the IRS issued Revenue Procedure 99-21 prescribing the 'form and manner' the Secretary requires to prove a 'medically determinable physical or mental impairment.'"  Abston v. Comm'r of Internal Revenue Service, 691 F.3d 992, 994 (8th Cir. 2012).  Section 4 of Revenue Procedure 99-21 provides:

> Unless otherwise provided in IRS forms and instructions, *the following statements are to be submitted with a claim for credit or refund of tax to claim financial disability for purposes of § 6511(h)*.
> (1) a written statement by a physician (as defined in § 1861(r)(1) of the Social Security Act, 42 U.S.C. § 1395x(r)), qualified to make the determination, that sets forth:
> > (a) the name and a description of the taxpayer's physical or mental impairment;
> > (b) the physician's medical opinion that the physical or mental impairment prevented the taxpayer from managing the taxpayer's financial affairs;
> > (c) the physician's medical opinion that the physical or mental impairment was or can be expected to result in death, or that it has lasted (or can be expected to last) for a continuous period of not less than 12 months;
> > (d) to the best of the physician's knowledge, the specific time period during which the taxpayer was prevented by such physical or mental impairment from managing the taxpayer's financial affairs; and
> > (e) the following certification, signed by the physician:
> > > I hereby certify that, to the best of my knowledge and belief, the above representations are true, correct, and complete.
> (2) A written statement by the person signing the claim for credit or refund that no person, including the taxpayer's spouse, was authorized to act on behalf of the taxpayer in financial matters during the period described in paragraph (1)(d) of this section. Alternatively, if a person was authorized to act on behalf of the taxpayer in financial matters during any part of the period described in paragraph (1)(d), the beginning and ending dates of the period of time the person was so authorized.

Revenue Procedure 99-21, § 4 (emphasis added),  available at http://www.irs.gov/pub/irs-drop/rp-99-21.pdf.

In Abston, supra, as in the present case, the plaintiff "did not submit a physician

statement with her initial refund claim." 691 F.3d at 995. The Eighth Circuit expressly held that the plaintiff's failure to submit such a statement at the time that she filed for a refund left the district courts without jurisdiction to adjudicate her claim:

> Federal courts have no jurisdiction over a tax refund suit "until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard." 26 U.S.C. § 7422(a); see Lundy, 516 U.S. at 239-40. Section § 6511(h)(2)(A) expressly provides that a taxpayer "shall not be considered [financially disabled] unless proof of [a disabling impairment] is furnished in such form and manner as the Secretary may require." Thus, [the plaintiff]'s refund claim was not "duly filed."

Id.; see also See, e.g., Lee v. Shulman, 2013 U.S. Dist. LEXIS 59936, at *11 (W.D. Tenn. Apr. 5, 2013) (denying as futile motion to amend complaint where the "amended complaint fails to allege that [the plaintiff] submitted the necessary proof for an extension of the limitations period based on financial disability under Section 6511(h)"), adopted by 2013 U.S. Dist. LEXIS 59099 (W.D. Tenn. Apr. 25, 2013);[7] cf. Nunn v. United States, 2009 U.S. Dist. LEXIS 8046, at *11-12 (W.D. Ky. Feb. 4, 2009) (finding that the court "simply lacks the authority to extend § 6511(h)'s protection" to the plaintiff where the plaintiff "failed to allege that he ever complied with Rev. Pro. 99-21").

As an Exhibit to her Response, Plaintiff provides a letter from Dr. Elena L. Polukhin, M.D., Ph.D. ("Dr. Polukhin"), that generally meets the requirements of Revenue Procedure 99-21, § 4(1). (See Pl.'s Ex. A [Docket No. 18]). Plaintiff argues that this letter was not submitted with her Complaint because "typically, documents offered in support of a Plaintiff's case are

---

[7] The Lee court further wrote:

    Section 6511(h) specifically provides that "[a]n individual shall not be considered to have such an impairment [financial disability] unless proof of the existence thereof is furnished in such form and manner as the Secretary may require. 26 U.S.C. § 6511(h)(2)(A). Because Lee did not submit the statements, Lee cannot establish that he was entitled to an extension of the limitations period because of financial disability in order to qualify for a late refund request.

    The allegations in the amended complaint fail to show that Lee made a timely claim for a refund, and accordingly, the court lacks subject matter jurisdiction over an amended complaint against the United States.

Lee, 2013 U.S. Dist. LEXIS 59936, at *11-12 (alterations in Lee).

considered those offered in evidence . . . . It was reasonable to anticipate that documents offered in evidence would be produced at a later time, which is precisely what Plaintiff is doing now." (Pl.'s Resp. [Docket No. 16], at 3-4).

This explanation fails for two reasons. First, Plaintiff's mistake was not that she failed to submit this letter with her *Complaint*, but rather, that she failed to submit it *when she filed for her refund*. Revenue Procedure 99-21 requires that the physician's statement be "submitted ***with a claim for credit or refund of tax***." Revenue Procedure 99-21, § 4 (emphasis added). Plaintiff never claims that she submitted such a letter to the IRS on March 28, 2011, when she filed for a refund of taxes paid for TY2005 and TY2006. In fact, the letter from Dr. Polukhin is dated March 19, 2013, and, therefore, could not have been submitted with the tax returns Plaintiff filed on March 28, 2011. Second, Revenue Procedure 99-21, § 4(2), requires an additional statement concerning whether any person "was authorized to act on behalf of the taxpayer in financial matters during the period" of the claimed financial disability.[8] Plaintiff does not allege that she has at any time, either with the filing of her tax returns on March 28, 2011, or subsequently, provided the IRS with such a statement.

The Eighth Circuit in Abston wrote: "The limited waiver of sovereign immunity in § 6511(h) does not grant district courts power to decide *de novo* that a taxpayer was financially disabled." 691 F.3d at 995. In other words, if a taxpayer seeking a refund does not initially comply with the requirements of Revenue Procedure 99-21, she may not subsequently ask a District Court to find that she was, in fact, financially disabled, because the District Court lacks jurisdiction to consider the case. See also Redondo v. United States, 542 Fed. Appx. 908, 911 (Fed. Cir. unpub. 2013) ("Because [the plaintiff] has not established financial disability, the

---

[8] This statement is required because § 6511(h)(2)(B) provides that: "An individual shall not be treated as financially disabled during any period that such individual's spouse or any other person is authorized to act on behalf of such individual in financial matters."

Court of Federal Claims was correct to dismiss his claim for lack of subject matter jurisdiction.").

    **5. Summary**

Plaintiff did not pay any taxes for TY2005 or TY2006 in the three years before March 28, 2011, the date when she first filed her tax returns and refund applications for those Tax Years. Therefore, under 26 U.S.C. § 6511(b)(2)(A), she is not entitled to a refund for TY 2005 or TY2006. The U.S. Supreme Court has found this to be a jurisdictional bar. Additionally, Plaintiff is not entitled to a financial hardship exemption to the foregoing time limits because she did not properly seek such an exemption in the manner required by agency regulations as directed by 26 U.S.C. § 6511(h) and § 7422(a). Therefore, this Court lacks subject matter jurisdiction to consider Plaintiff's Complaint.

Consequently, this Court recommends that Defendant's Motion to Dismiss, [Docket No. 10], be **GRANTED**, and that Plaintiff's Complaint, [Docket No. 1], be **DISMISSED with prejudice**.

## III.   CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED**:

1. That Defendant's Motion to Dismiss, [Docket No. 10], be **GRANTED**, as set forth above; and

2. That Plaintiff's Complaint, [Docket No. 1], be **DISMISSED with prejudice**.

Dated: March 24, 2014                                 s/Leo I. Brisbois
                                                                                    LEO I. BRISBOIS
                                                                                    United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by April 7, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within **fourteen (14) days** of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.